UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

CHARLES GABBY,

    Plaintiff,

v.                                        Case No. 05-C-188

DR. LUY,
SHARI HEINZ,
SUE McMURRY, and
WARDEN THOMAS BORGEN,

    Defendants,

## ORDER

Plaintiff, Charles Gabby, who is incarcerated at the Fox Lake Correctional Institution, lodged this pro se civil rights complaint, along with a petition to proceed in forma pauperis. The petition is ready for determination and the complaint ready for screening pursuant to 28 U.S.C. § 1915A.

As ordered, plaintiff paid an initial partial filing fee in the amount of $19.49. See February 18, 2005 Order. His petition to proceed in forma pauperis will be granted. Pursuant to 28 U.S.C. § 1915(b)(1), enacted on April 26, 1996, the plaintiff is required to pay the statutory filing fee of $250.00 for this action. The $230.51 balance of the filing fee will be collected in the manner set forth below.

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may

be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Denton v. Hernandez, 504 U.S. 25, 31 (1992); Neitzke v. Williams, 490 U.S. 319, 325 (1989); Hutchinson ex rel. Baker v. Spink, 126 F.3d 895, 900 (7th Cir. 1997). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. "Malicious," although sometimes treated as a synonym for "frivolous," "is more usefully construed as intended to harass." Lindell v. McCallum, 352 F.3d 1107, 1109-10 (7th Cir. 2003) (citations omitted).

A complaint, or portion thereof, should be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hosp. Bldg. Co. v. Trs. of Rex Hosp., 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

To state a claim for relief under 42 U.S.C. § 1983, plaintiffs must allege: 1) that they were deprived of a right secured by the Constitution or laws of the United States, and 2) that the deprivation was visited upon them by a person acting under color of state law. Gomez v. Toledo, 446 U.S. 635, 640 (1980). The court is obliged to give the plaintiff's pro se

2

allegations, however inartfully pleaded, a liberal construction. See Haines v. Kerner, 404 U.S. 519, 520-21 (1972).

Federal Rule of Civil Procedure 8(a)(2) provides that a complaint must include only "a short and plain statement of the claim showing that the pleader is entitled to relief." This statement must simply "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512 (2002) (quoting Conley, 355 U.S. at 47); see also Thomson v. Washington, 362 F.3d 969, 970-71 (7th Cir. 2004) (no heightened pleading requirement for pro se prisoner civil rights complaint). Of course, if a complaint pleads facts that show that a plaintiff does not have a claim, the complaint should be dismissed "without further ado." Thomson, 362 F.3d at 970.

Plaintiff, who has been treated for throat cancer, states that he "has been receiving the food protein supplement, RESOURCE, since his first operation on December 4, 2000." (Complaint at 6). The supplement was ordered by a physician at the University of Wisconsin Hospital in Madison, Wisconsin. Id. at 11. Plaintiff states that following reconstructive surgery, his throat passage was only about 10% of its original size, making it difficult to "get food and liquids from his mouth down to his stomach." Id. at 9. Plaintiff was supplied with RESOURCE "for necessary nutritional purposes" during the times relevant to this action. Id.

Plaintiff states that the "supplement was stopped" for about two weeks in December 2002. Id. at 10. Plaintiff contacted defendant Sue McMurry, who plaintiff states indicated her knowledge of plaintiff's condition and that she would inform defendants Dr. Luy and Shari Heinz about plaintiff's need for the supplement. Id. Plaintiff states that defendants

3

Luy and Heinz were "fully aware of all the difficulties the plaintiff has consuming different food groups." Id.

On September 9, 2004, plaintiff was again denied the supplement. Id. On September, 14, 2004, he received an unsigned "notice of cancellation," which failed to explain why the supplement was discontinued. Id. Plaintiff states all inmates receiving the supplement had it "cancelled at the same time." Id.

Plaintiff wrote to defendant McMurry the same day asking her to investigate and reconsider the cancellation of the supplement given his inability "to eat some foods (as in meats) that have the protein his body requires to keep up the antibodies necessary to fight the possibilities [sic] of cancer returning." Id. at 10-11. On September 20, 2004, plaintiff sent another request "addressed to Sue McMurry or Shari Heinz." Id. at 12. He reiterated his earlier points and noted that changes in the prison's food service had cut plaintiff's milk intake, thus decreasing his protein intake from 85 grams to 30 grams daily. Id. Plaintiff then filed an inmate complaint concerning the discontinuation of his supplement on September 24, 2004. Id. He filed additional requests and inmate complaints in September and October 2004. Id. at 13-14.

Plaintiff states that on or about October 7, 2004, he received a decision dismissing his inmate complaint which indicated that, based on plaintiff's weight, the RESOURCE supplement was no longer necessary. Id. at 14-15. The decision further indicated that the Health Services Unit would monitor plaintiff and respond accordingly. Id. at 15. Plaintiff states that through October 27, 2004, he was not monitored "for weight or anything else." Id. He further states that he received the supplement at a time that his weight was substantially higher than at the time the supplement was discontinued. Id. at 15-16.

4

In the absence of the supplement, plaintiff states he "is unable to get down more than 30-50% of the [prison meal] portions before his throat hurts and his is exhausted to the point where he cannot do anything else but lay down and recouperate [sic]." Id. at 14. Plaintiff states that he is able to purchase some supplies from the prison canteen, including a protein powder, amino acids and vitamin C. Id. at 16. However, he states that "these purchases, alone, are simply not enough to meet plaintiff's necessary protein needs." Id.

Plaintiff claims that defendants Luy, McMurry, and Heinz were deliberately indifferent to his medical "need to maintain nutritional levels in order to halt or substantially lessen pain from having to force protein enriched foods, physically exhausting to the plaintiff to consume." (Complaint at 17-18). Plaintiff states that defendant Warden Thomas Borgen is responsible for all inmates at the prison and that all inmate complaints "pass over defendant Borgen's desk for his final signature." Id. at 18-19. Thus, plaintiff claims defendant Borgen "certainly was aware of both plaintiff's medical condition and problem" and was deliberately indifferent. Id. at 19.

Deliberate indifference to the serious medical needs of prisoners constitutes the unnecessary and wanton infliction of pain, and thus is proscribed by the Eighth Amendment. Walker v. Benjamin, 293 F.3d 1030, 1040 (7th Cir. 2002) (citing Estelle v. Gamble, 429 U.S. 97, 104-05 (1976)). This is the case "whether the indifference is manifested by prison doctors in their response to the prisoner's needs or by prison guards in intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed." Estelle, 429 U.S. at 104-05.

In alleging that he cannot maintain adequate nutrition and that defendants Luy, McMurry and Heinz were deliberately indifferent to this medical need, plaintiff has arguably

5

stated an Eighth Amendment claim and will be permitted to proceed. In merely alleging that defendant Borgen was aware of his medical condition, plaintiff fails to state facts indicating defendant Borgen's direct, personal involvement his medical care. See Gentry v. Duckworth, 65 F.3d 555, 561 (7th Cir. 1995). Supervisory responsibility of a warden is not sufficient to establish personal liability for an isolated failure of a subordinate to carry out prison policies, unless the subordinate acted or failed to act based on his instructions. Steidl v. Gramley, 151 F.3d 739, 741 (7th Cir. 1998). The circumstances described in the complaint do not involve any act or omission by the warden, "which is essential to liability under 42 U.S.C. § 1983." Id. Therefore, plaintiff may not proceed on Eighth Amendment claims against defendant Borgen.

Plaintiff claims defendants Luy, McMurry and Heinz violated his Fourteenth Amendment rights, stating the following: "The cancellation was institution wide, with all inmates being denied the RESOURCE supplement regardless of their individual medical needs. This violates plaintiff's 14th Amendment rights, whereas, plaintiff was left on his own to provide his nutritional supplement." (Complaint at 18). The Equal Protection Clause generally requires governmental entities to treat all similarly-situated persons in a similar manner. City of Cleburne v. Cleburne Living Center, 473 U.S. 432, 439 (1985). Having alleged that all inmates were treated alike by the institution-wide discontinuation of the supplement, plaintiff fails to state an equal protection claim.

Plaintiff suggests that the denial by the defendants of his nutritional supplement constitutes discrimination on the basis of a disability in violation of the Americans with Disabilities Act (ADA) and the Rehabilitation Act (RA). The relevant provisions of the ADA and the RA are similar, and precedent under one statute typically applies to the other.

6

Case 2:05-cv-00188-LA    Filed 04/29/05    Page 6 of 8    Document 4

Generally, to establish liability under the ADA or RA, a plaintiff must show that he is a "qualified individual with a disability" and that the defendant is discriminating against him by reason of his disability. See Foley v. City of Lafayette, Ind., 359 F.3d 925, 928 (7th Cir. 2004). A plaintiff may prove discrimination by showing intentional discrimination, disparate impact, or failure to make a reasonable accommodation. Reg'l Econ. Cmty. Action Program, Inc. v. City of Middletown, 294 F.3d 35, 48 (2d Cir. 2002). At this stage of the case, I am unable to determine whether plaintiff is a qualified individual with a disability. Further, he may be able to prove that his request for the RESOURCE supplement was a reasonable accommodation or that discontinuing the supply of RESOURCE to all prisoners had a disparate impact on him. Thus, I will allow him to proceed on this claim against all defendants, including Borgen. See Bruggeman v. Blagojevich, 324 F.3d 906, 912-13 (7th Cir. 2003).

## ORDER

For the foregoing reasons,

**IT IS THEREFORE ORDERED** that plaintiff's petition to proceed in forma pauperis (docket # 2) is **GRANTED.**

**IT IS FURTHER ORDERED** that plaintiff shall be permitted to proceed on Eighth Amendment medical care claims and ADA and RA claims against defendants.

**IT IS FURTHER ORDERED** that plaintiff's Fourteenth Amendment claim is **DISMISSED**.

7

**IT IS FURTHER ORDERED** that the United States Marshal shall serve a copy of the complaint, the waiver of service form and/or summons, and this order upon defendants pursuant to Federal Rule of Civil Procedure 4.

**IT IS FURTHER ORDERED** that the defendants shall file a responsive pleading to the complaint.

**IT IS FURTHER ORDERED** that the Secretary of the Wisconsin Department of Corrections or his designee shall collect from the plaintiff's prison trust account the $230.51 balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the clerk of the court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action.

**IT IS FURTHER ORDERED** that copies of this order be sent to the warden of the institution where the inmate is confined and to Corey F. Finkelmeyer, Assistant Attorney General, Wisconsin Department of Justice, P.O. Box 7857, Madison, Wisconsin, 53707-7857.

Dated at Milwaukee, Wisconsin, this 29 day of April, 2005.

/s_____
LYNN ADELMAN
District Judge