# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

CHARLES GABBY,
        Plaintiff,

      v.                                Case No. 05-C-0188

DR. LUY, SHARI HEINZ, SUE McMURRY, and
WARDEN THOMAS BORGEN,
        Defendants.

## DECISION AND ORDER

Plaintiff Charles Gabby, who is currently incarcerated at Fox Lake Correctional Institution, filed this pro se civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff was allowed to proceed on claims that defendants violated his rights under the Eighth Amendment, the Americans with Disabilities Act and the Rehabilitation Act by discontinuing a nutritional supplement he used following throat surgeries.

Defendants now move to dismiss, arguing that plaintiff failed to exhaust his administrative remedies as required by the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e. In support of their motion, defendants submit the affidavit of John Ray and various attachments concerning plaintiff's administrative grievance history. Generally, in deciding a motion to dismiss the court must limit itself to the pleadings; if matters outside the pleadings are submitted and not excluded, the motion must be treated as one for summary judgment. Fed. R. Civ. P. 12(b). Defendants argue that I may nevertheless consider the Ray affidavit and attachments because inmate complaints are public records of which I may take judicial notice. See GE Capital Corp. v. Lease Resolution Corp., 128 F.3d 1074, 1080

(7th Cir. 1997) (stating that courts have crafted a narrow exception to the rule to permit a district court to take judicial notice of matters of public record). It is unclear whether internal inmate complaints qualify as public records under this standard; defendants cite no authority for the proposition that they are; and the cases suggest that conversion to summary judgment is appropriate in this situation. See, e.g., Massey v. Helman, 259 F.3d 641, 646 n.8 (7th Cir. 2001). Therefore, I will treat defendants' motion as one for summary judgment under Fed. R. Civ. P. 56.

Plaintiff was provided with a copy of Fed. R. Civ. P. 56, Civil L.R. 56.1 and 56.2, and Civil L.R. 7.1 (R. 12), which provide advice to pro se litigants facing a motion for summary judgment, and he has filed a response including additional materials outside the pleadings (R. 16). Accordingly, I find that plaintiff has been given fair notice and reasonable opportunity to present material pertinent under Rule 56, and will proceed to decide the motion under the summary judgment standard.

## I. SUMMARY JUDGMENT STANDARD

Summary judgment is required "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The mere existence of some factual dispute does not defeat a summary judgment motion; "the requirement is that there be no genuine issue of material fact." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). For a dispute to be genuine, the evidence must be such that a "reasonable jury could return a verdict for the nonmoving party." Id. For the fact to be material, it must relate to a dispute that "might affect the outcome of the suit." Id.

The moving party bears the initial burden of demonstrating that it is entitled to judgment as a matter of law. Celotex Corp., 477 U.S. at 323. Where the moving party seeks summary judgment on the ground that there is an absence of evidence to support the non-moving party's case, the moving party may satisfy its initial burden simply by pointing out the absence of evidence. Id. at 325. Once the moving party's initial burden is met, the non-moving party must "go beyond the pleadings" and designate specific facts to support each element of the cause of action, showing a genuine issue for trial. Id. at 322-23. Neither party may rest on mere allegations or denials in the pleadings, Anderson, 477 U.S. at 248, or upon conclusory statements in affidavits, Palucki v. Sears, Roebuck & Co., 879 F.2d 1568, 1572 (7th Cir. 1989).

In evaluating a motion for summary judgment, the court must draw all inferences in a light most favorable to the nonmoving party. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). However, it is "not required to draw every conceivable inference from the record — only those inferences that are reasonable." Bank Leumi Le-Israel, B.M. v. Lee, 928 F.2d 232, 236 (7th Cir. 1991).

## II. UNDISPUTED FACTS

Between 2000 and 2001, plaintiff underwent several surgeries to remove cancerous tumors from his throat. As a result, plaintiff's throat was reduced to 10% of its original size. In order to ensure that his nutritional need were met, plaintiff was provided with a food supplement known as "Resource." (Compl. at 6-9.) However, in September 2004, defendants decided to stop providing plaintiff with Resource. (Id. at 10-11.)

On September 14 and 20, 2004, plaintiff wrote to Sue McMurray and Shari Heinz at

3

the prison's Health Services Unit ("HSU") about the Resource issue. (Pl.'s Resp. to Def.'s Mot. Attach. 2-3.) On September 24, 2004, plaintiff filed Inmate Complaint FLCI-2004-30533, stating that he had written McMurray and Heinz "regarding the cancellation of [his] Resource," but that he did "not get a response from either of these requests." (Ray Aff. Ex. A at 5; Pl.'s Resp. to Def.'s Mot. Attach. 4.) The complaint was dismissed on October 7, 2004 because "it was determined that [plaintiff's] body mass index was within the normal range" making the Resource treatment unnecessary. (Ray Aff. Ex A. at 2-3.) Plaintiff did not appeal the dismissal of Inmate Complaint Number FLCI-2004-30533. (Ray Aff. ¶ 9.)

On or about October 5, 2004, plaintiff filed Inmate Complaint Number FLCI-2004-31666, alleging:

> I have written requests to Shari Heinz, and Sue McMurry inquiring about the resource on 9-14, 9-20, wrote a complaint to your department about this issue on 9-24-2004, and then again tried to appeal to HSU one more time on 9-29-04 I have copies of all requests that I have written, and have recieved [sic] absolutely nothing from HSU in return. They stopped my resource on an arbitrary decision on one, and only one factor that they used to justify their decision, and that factor being a body index chart, on weight alone. There are numerous factors why I was receiving resource in the first place, and they are,
>
> 1. I was told by the university hospital, that my throat, after all the operations is only 10% of the original size, and this will never change.
>
> 2. It was ordered from the UW Hospital, by resident Sarah Hodges, that I recieve [sic] supplements. (Nothing will ever change with the size of my throat).
>
> 3. I have expressed to HSU, and will now express to you, that now because of the fact that I do not recieve [sic] resource, I have to force foods, with protein in them, such as beef, chicken, and liver, among other meats that do not go down my throat passage well, in order to try to get the protein content in my system, to try to stay healthy, and keep the pain from my neck area. I also purchase protein from canteen, and have expressed to HSU that this institution has a responsibility to take care of my handicap, and are not addressing the issue.

4

> 4. Now, after trying to choke down certain foods, I get physically depleted from trying to swallow these foods, and never get more than 30-50% of the portions down before my throat hurts, and I am too exhausted to do anything but recouperate [sic], and sometimes, I even have to lay down, I get so exhausted.

(Ray Aff. Ex. B at 6.)

Inmate Complaint Number FLCI-2004-31666 was rejected on October 5, 2004, because "the issue of being provided Resource supplement was raised in [FLCI-2004-30533] and [plaintiff] will need to await that decision." (Ray Aff. Ex. B at 2.) On or about October 21, 2004, plaintiff filed an appeal of Inmate Complaint Number FLCI-2004-31666 (Ray Aff. Ex. B at 3), and defendant Borgen affirmed the rejection of that complaint On October 28, 2004 (Ray Aff. Ex. B at 4).

### III.  DISCUSSION

The PLRA provides in pertinent part:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a).  Section 1997e applies to "all inmate suits, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong."  Porter v. Nussle, 534 U.S. 516, 532 (2002).  Exhaustion of administrative remedies is a condition precedent to suit.  Dixon v. Page, 291 F.3d 485, 488 (7th Cir. 2002) (citing Perez v. Wis. Dep't of Corrections, 182 F.3d 532, 535 (7th Cir. 1999)).  In order to exhaust, the prisoner must complete the administrative process prescribed by the state's rules.  Pozo v. McCaughtry, 286 F.3d 1022, 1023 (7th Cir. 2002).

In Wisconsin, inmates are provided with an administrative grievance procedure

5

known as the Inmate Complaint Review System ("ICRS"). Wis. Admin. Code § DOC 310.01(2)(a). The ICRS is available for inmates to "raise significant issues regarding rules, living conditions, staff actions affecting institution environment, and civil rights complaints." Wis. Admin. Code § DOC 310.08(1).

In order to use the ICRS, an inmate must file a complaint with the Inmate Complaint Examiner ("ICE") within fourteen days after the occurrence giving rise to the complaint. Wis. Admin. Code §§ DOC 310.07(1) & 310.09(6). After reviewing and acknowledging each complaint in writing, the ICE either rejects the complaint or sends a recommendation to the "appropriate reviewing authority." Wis. Admin. Code §§ DOC 310.11(2) & 310.11(11). If the complaint is not rejected, the appropriate reviewing authority makes a decision within ten days following receipt of the recommendation. Wis. Admin. Code § DOC 310.12. Within ten days after the date of the decision, a complainant dissatisfied with a reviewing authority decision may appeal that decision by filing a written request for review with the Corrections Complaint Examiner ("CCE"). Wis. Admin. Code § DOC 310.13(1). The CCE reviews the appeal and makes a recommendation to the Secretary of the Department of Corrections. Wis. Admin. Code § DOC 310.13(6). The Secretary may accept, adopt or reject the CCE's recommendation, or return the appeal to the CCE for further investigation. Wis. Admin. Code § DOC 310.14(2).

If, on the other had, the complaint is rejected by the ICE, the inmate has ten calendar days in which to file an appeal with the appropriate reviewing authority. Wis. Admin. Code § DOC 310.11(6). The reviewing authority reviews only the basis for rejecting the complaint, and his decision is final. Id.

In the present case, it is undisputed that on September 24, 2004, plaintiff filed Inmate

6

Complaint Number FLCI-2004-30533.  The ICE accepted the complaint but recommended that it be dismissed, and the reviewing authority followed the recommendation.  Plaintiff did not appeal the dismissal to the CCE.  Thus, with respect to Inmate Complaint Number FLCI-2004-30533, plaintiff did not exhaust his administrative remedies.

On October 5, 2004, plaintiff filed Inmate Complaint Number FLCI-2004-31666.  The ICE rejected the complaint because it concerned an issue previously raised.  Plaintiff appealed to the appropriate reviewing authority (defendant Borgen), who found that the complaint was appropriately rejected.  Because Borgen's decision was final, plaintiff had no further administrative remedies left to exhaust.  Therefore, he exhausted all available remedies concerning Inmate Complaint Number FLCI-2004-31666.

Based on the foregoing, defendants' motion for summary judgment is denied in part and granted in part.  Specifically, defendants' motion is granted with respect to Inmate Complaint Number FLCI-2004-30533.  Defendants' motion is denied with respect to Inmate Complaint Number FLCI-2004-31666.

## IV.  CONCLUSION

**THEREFORE, IT IS ORDERED** that defendants' motion for summary judgment (Docket #12) is **GRANTED IN PART** and **DENIED IN PART** as described herein.

Dated at Milwaukee, Wisconsin, this 23 day of January, 2006.

/s_____
LYNN ADELMAN
District Judge